IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL A. WILLIAMS, | : |
| Petitioner, | : |
| v. | : C.A. No. 15-263-LPS |
| STEVEN WESLEY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM

**I.  BACKGROUND**

Presently pending before the Court is Petitioner Michael A. Williams' handwritten Petition for a Writ Of Habeas Corpus ("Petition"). (D.I. 1) For the reasons set forth below, the Court will summarily dismiss the Petition as moot.

**II.  STANDARD OF REVIEW**

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(a), a federal district court only has jurisdiction over a habeas petition filed on behalf of a person in custody pursuant to the judgment of a State court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In turn, according to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180

(3d Cir. 2002). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(internal citations omitted). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *See Kissinger*, 309 F.3d at 180.

### III.   DISCUSSION

The Petition asserts that Petitioner does not know why he is being "held" for a misdemeanor charge, and Petitioner seeks release from custody. (D.I. 1) As explained in the Court's order dated January 4, 2016 (D.I. 7), it appears that Petitioner was released sometime after he filed the pending Petition. Given Petitioner's apparent success in obtaining his requested relief, the Court ordered him to show cause in writing by the end of January 2016 why the Petition should not be dismissed as moot. The Court explained that failure to file a timely response would result in the Court's ruling on the petition as currently pending. *Id.* at 2. To date, Petitioner has not responded. Accordingly, the Court will summarily the dismiss the Petition as moot.

### V.   CONCLUSION

For the aforementioned reasons, the Court will summarily dismiss Petitioner's Petition for habeas corpus relief as moot. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: April 8, 2016

_____
UNITED STATES DISTRICT JUDGE